UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC GROS | CIVIL ACTION |
| VERSUS | NO. 16-8727 |
| JASON KENT, WARDEN | SECTION: "G"(1) |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Eric Gros, is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. On June 13, 2013, he pleaded guilty to forcible rape under Louisiana law and was sentenced to a term of fifteen years imprisonment.[1] He thereafter filed motions to reconsider sentence,[2] and those motions were denied on August 13, 2013.[3] On March 26, 2014, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and remanded the matter for the correction

---

[1] State Rec., Vol. 1 of 2, transcript of June 13, 2013; State Rec., Vol. 1 of 2, minute entry dated June 13, 2013; State Rec., Vol. 1 of 2, guilty plea form.
[2] State Rec., Vol. 1 of 2.
[3] State Rec., Vol. 1 of 2, transcript of August 13, 2013; State Rec., Vol. 1 of 2, minute entry dated August 13, 2013.

of a patent error concerning his sentence.[4]  He did not seek review of that judgment by the Louisiana Supreme Court.[5]

On March 4, 2015, petitioner filed an application for post-conviction relief with the state district court.[6]  That application was denied on April 17, 2015,[7] and his related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on May 27, 2015,[8] and by the Louisiana Supreme Court on May 20, 2016.[9]

On June 1, 2016, petitioner filed the instant federal application seeking habeas corpus relief.[10]  The state has opposed the application.[11]

---

[4] State v. Gros, 138 So.3d 763 (La. App. 5th Cir. 2014); State Rec., Vol. 2 of 2.  Regarding petitioner's sentence, the Court of Appeal held:

> Finally, pursuant to La.C.Cr.P. art. 920, we have reviewed the record and discovered an error that requires correction. La. R.S. 14:42.1 provides that "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."  Defendant was advised in the guilty plea form and during the colloquy that at least two years of his sentence had to be served without benefit of probation, parole, or suspension of sentence.  However, the transcript reflects that the trial judge failed to impose any statutory restrictions when sentencing defendant.
> Although such conditions are deemed to exist by operation of law under La. R.S. 15:301,14 the language of La. R.S. 14:42.1 reads, "at least two years," which suggests that the trial judge has discretion in determining the length of time that benefits are to be withheld.  Accordingly, we remand this case for amendment of defendant's sentence to comply with La. R.S. 14:42.1(B).  State v. Tapps, 02-0547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 1004, writ denied, 02-2921 (La. 4/21/03), 841 So.2d 789.

Gros, 138 So.3d at 768-69; State Rec., Vol. 2 of 2.
[5] See Rec. Doc. 4, p. 2.
[6] State Rec., Vol. 2 of 2. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  The date on which that occurred here is not apparent from the record.  However, the undersigned will simply use the signature date of the application as the filing date, in that the application could not have been placed in the prison mailing system prior the date on which it was signed.
[7] State Rec., Vol. 2 of 2, Order dated April 17, 2015.
[8] State v. Gros, No. 15-KH-309 (La. App. 5th Cir. May 27, 2015); State Rec., Vol. 2 of 2.
[9] State ex rel. Gros v. State, 191 So.3d 576 (La. 2016); State Rec., Vol. 2 of 2.
[10] Rec. Doc. 4.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Here, petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on June 1, 2016. Rec. Doc. 4, p. 5.
[11] Rec. Doc. 10.

**Timeliness**

The state argues that petitioner's federal application is untimely. For the following reasons, the undersigned finds otherwise.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

In the instant case, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction on March 26, 2014, and it mailed notice of that judgment on that same date.[13] As a

---

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.
[13] State Rec., Vol. 2 of 2, Notice of Judgment and Certificate of Delivery.

3

result, petitioner had until April 25, 2014, to seek review of that judgment in the Louisiana Supreme Court. Because he failed to file a writ application with that court by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on April 25, 2014. See id. at 317-18.[14] The federal limitations period then expired one year later, unless that deadline was extended through tolling.

Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, after three hundred twelve (312) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on March 4, 2015. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). Here, the state does not argue that petitioner's related writ applications were untimely. Accordingly, the undersigned finds that tolling continued until May 20, 2016, the date on which the Louisiana Supreme Court denied relief.[15]

---

[14] The state argues that petitioner's conviction became final even earlier because his motion for appeal was untimely. However, the district court granted that motion, and the Court of Appeal opted to address the appeal in order to "avoid further useless delay." State v. Gros, 138 So.3d 763, 765 n.2 (La. App. 5th Cir. 2014) (quotation marks omitted). Arguably, therefore, the state courts' actions were tantamount to granting petitioner an out-of-time appeal, and it is clear that the granting of an out-of-time appeal resets the date a conviction becomes final for AEDPA purposes. Accordingly, under 28 U.S.C. § 2244(d)(1)(A), "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." Jimenez v. Quarterman, 555 U.S. 113, 121 (2009).

[15] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

When the limitations period then resumed running at that point, petitioner had fifty-three (53) days of the one-year limitations period remaining. Therefore, he had until July 12, 2016, to file his federal application. Because he filed it on June 1, 2016, it was timely.

### **Exhaustion**

The state next argues that petitioner failed to exhaust his remedies in the state courts. The undersigned agrees, although not for the reasons argued by the state.[16]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

---

[16] The state argues that petitioner's claim is unexhausted because the state courts found that it had been waived by his guilty plea. However, that argument is inapposite:

> To satisfy the exhaustion requirement, a claim need not be actually decided by the state courts. Instead, a claim is exhausted if it was "fairly presented" to the state courts. This merely requires that the federal claim is the "substantial equivalent" of the claim brought in state court. As the Third Circuit has repeatedly explained, in deciding whether a claim was fairly presented, a district court should look to the substance of the claim presented to the state courts, rather than its technical designation. *Even if the state court refuses to hear the claim presented because it is time-barred or waived, the claim is still exhausted as long as the state court is given the opportunity to address it.*

Pursell v. Horn, 187 F. Supp. 2d 260, 288 (W.D. Pa. 2002) (citations and quotation marks omitted; emphasis added); Swanger v. Zimmerman, 750 F.2d 291, 295 (3rd Cir. 1984).

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been fairly presented to "each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin, 541 U.S. at 29.

As noted, petitioner pleaded guilty in the instant case. He thereafter filed an appeal; however, on appeal, his appellate counsel filed an Anders brief, asserting that he had thoroughly reviewed the trial record and could not find any non-frivolous issues to raise on appeal.[17] The Court of Appeal then informed petitioner that an Anders brief had been filed and further notified him that he could file a supplemental brief if he desired. He did not do so, and he did not seek review of the Court of Appeal's subsequent decision by filing a writ application with the Louisiana Supreme Court. Therefore, no claims were exhausted on direct review.

On post-conviction review, petitioner then asserted only one claim, i.e. that his right to *due process* was violated when a third party was allowed to file a motion to recuse the trial judge, an event which petitioner argues ultimately resulted in him losing the opportunity to enter a more favorable plea bargain before the recused judge. Petitioner pursued that claim, *and only that claim*, through the three levels of the state-court system.

In his federal application, petitioner references that underlying same event; however, he reframes his claim as one proceeding on a different legal theory. Whereas his state post-conviction claim was founded on a purported *due process* violation, his federal claim is presented as a

---

[17] See Anders v. California, 386 U.S. 738 (1967).

6

violation of his *Sixth Amendment right to the effective assistance of counsel*. Specifically, he argues that counsel promised him that he would receive a sentence of no more than eight years and that he pleaded guilty based on that misrepresentation. He further argues that counsel was ineffective for "allowing" the third party to file the motion to recuse. Because petitioner has failed to present his ineffective assistance claim to all three levels of the state courts, the claim is unexhausted.[18] Therefore, if the instant petition is construed as asserting only the unexhausted ineffective assistance of counsel claim, then his petition is wholly unexhausted.

However, out of an abundance of caution, the undersigned makes an additional observation. As noted, like his state post-conviction application, petitioner's federal application references his belief that his rights were violated when a third party was allowed to file a motion to recuse the trial judge. Therefore, arguably, petitioner's federal application could be liberally construed to also assert not only his unexhausted ineffective assistance claim but to also incorporate his separate and distinct claim that the trial court's action violated his right to due process. Nevertheless, even under that scenario, petitioner cannot proceed with both his exhausted due process claim and his unexhausted ineffective assistance claim, because it is beyond cavil that "[a] habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998); accord Rose v. Lundy, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

---

[18] "An ineffective assistance claim, which proceeds on a separate legal theory and is governed by a different legal analysis, is obviously distinct from a claim asserting an underlying substantive violation on which the ineffective assistance claim is based." Cammatte v. Cain, Civ. Action No. 14-926, 2015 WL 10714601, at *2 (E.D. La. Dec. 21, 2015), adopted, 2016 WL 1598522 (E.D. La. Apr. 21, 2016) ; accord Sam v. Louisiana, 409 Fed. App'x 758, 765 (5th Cir. 2011); Willis v. Vaughn, 48 Fed. App'x 402, 406 (3rd Cir. 2002) ("Willis' ineffective assistance of counsel claims and underlying due process claims are distinct, and exhaustion of one does not constitute exhaustion of the other.").

7

However, it must be noted that *if* his petition is so construed, petitioner could at least salvage federal review for his exhausted due process claim by withdrawing his unexhausted ineffective assistance claim. See Neslo v. Cain, No. 97-31025, 1998 WL 546499 (5th Cir. Aug. 10, 1998); Walker v. Vannoy, Civ. Action No. 15-6809, 2016 WL 1705085, at *2 (E.D. La. Apr. 4, 2016); Williams v. Tanner, Civ. Action No. 14-2963, 2015 WL 5307730 (E.D. La. Spt. 10, 2015). Nevertheless, in actuality, he would gain little by proceeding in this fashion – *even if* the District Judge construes petitioner's federal application to also incorporate his exhausted due process claim *and even if* petitioner moves to amend his federal application to assert *only* that exhausted claim, that claim still would not warrant federal relief for the following reasons.

In denying relief in the post-conviction proceedings, the Louisiana Fifth Circuit Court of Appeal denied the due process claim, holding:

> In this application, relator asserted that he, the assistant district attorney, and the district judge had reached agreement to a plea bargain, subject to approval by the assistant district attorney's supervisor at the St. Charles Parish District Attorney's Office. However, both the district judge and the District Attorney's Office were recused before the agreement was approved. The case was then re-alloted to another division and the Louisiana Attorney General's Office was appointed to prosecute the case.
> Thereafter, defendant pled guilty to forcible rape, which this Court upheld on appeal. See State v. Gros, 13-0879 (La. App. 5 Cir. 3/26/14), 138 So.3d 763, 767-68. On March 11, 2015, relator filed an application for post-conviction relief, claiming that he was prevented from accepting a more generous plea bargain by the improper recusal of the first district judge and the subsequent re-allotment of the case.
> It is well settled under both state and federal jurisprudence that an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof by appeal. State v. Johnson, 08-0449 (La. App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-0787 (La. 12/18/09), 23 So.3d 932. In the instant case, relator entered an unqualified guilty plea. Consequently, relator waived any non-jurisdictional defects prior to his guilty plea, including the claim alleged in his application for post-conviction relief. See State v. Sede, 08-0547 (La. App. 5 Cir. 2/10/09), 8 So.3d 702, 706, writ denied, 09-1023 (La. 3/5/10), 28 So.3d 1006 (finding the issue of the district judge's failure to recuse is a non-jurisdictional defect that is waived by an unqualified guilty plea).

> Accordingly, we find relator is not entitled to relief and see no reason to disturb the district court's ruling. This writ application is therefore denied.[19]

The Louisiana Supreme Court then similarly denied relief, holding: "Denied. Relator does not demonstrate that he preserved any issues for appellate review when he entered his guilty plea. See State v. Crosby, 338 So.2d 584 (La. 1976)."[20]

As the state courts correctly noted, a plea of guilty normally waives all non-jurisdictional defects in the proceeding prior to the entry of the plea. See, e.g., United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993) ("By pleading guilty to an offense, ... a criminal defendant waives all non-jurisdictional defects preceding the plea."). As the United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).[21]

Here, there is no question that petitioner entered an unconditional guilty plea; by doing so, he waived his due process claim. Therefore, even if petitioner were to elect to withdraw his unexhausted ineffective assistance of counsel claim and pursue only this claim, federal habeas corpus relief still would not be warranted.

---

[19] State v. Gros, No. 15-KH-309 (La. App. 5th Cir. May 27, 2015); State Rec., Vol. 2 of 2.
[20] State ex rel. Gros v. State, 191 So.3d 576 (La. 2016); State Rec., Vol. 2 of 2.
[21] It is therefore true that a limited exception to this general waiver exists with respect to certain claims of ineffective assistance of counsel. Specifically, as the United States Fifth Circuit Court of Appeals has explained: "[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted). However, this limited exception does not aid petitioner, because, as explained herein, his ineffective assistance claim is *unexhausted* even if it would be otherwise cognizable.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Eric Gros be **DISMISSED WITHOUT PREJUDICE** because he failed to exhaust his remedies in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

New Orleans, Louisiana, this fourth day of November, 2016.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.