UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC GROS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-8727** |
| **JASON KENT, WARDEN** | **SECTION "G"(1)** |

### ORDER

Before the Court are Petitioner Eric Gros's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On November 4, 2016, the Magistrate Judge recommended that the Court dismiss the petition without prejudice for failure to exhaust state court remedies.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the petition without prejudice.

### I. Background

**A.    *Factual Background***

On March 17, 2010, Petitioner was indicted by a grand jury in the 29th Judicial District Court, St. Charles Parish on two counts of aggravated rape, one count of aggravated kidnapping,

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 4.

[3] Rec. Doc. 12.

[4] Rec. Doc. 13.

and one count of possession of a firearm by a convicted felon.[5] Petitioner's case was originally allotted to Division "E" of the 29th Judicial District Court, the Honorable Michele Morel presiding.[6] On February 14, 2013, the St. Charles Parish District Attorney's Office filed a motion to recuse itself from the case due to a potential conflict of interest, and requested that the Louisiana Department of Justice, Office of the Attorney General be appointed to handle the case.[7] The motion to recuse the St. Charles Parish District Attorney's Office was granted on February 14, 2013.[8] On February 15, 2013, a potential witness for the State, Errol Falcon, Jr. ("Falcon") filed a motion requesting that the trial court judge recuse herself from the case because Falcon was also involved in an investigation concerning Harry Morel, the judge's father.[9] The trial court denied Falcon's motion on February 19, 2013, reasoning that Falcon did not have standing to bring a motion to recuse.[10] On February 19, 2013, the State filed a motion requesting that the trial court judge recuse herself from the case.[11] The State also argued that the judge should recuse herself because Falcon was involved in an investigation concerning Harry Morel.[12] On February 20, 2013, the trial court granted the State's motion and recused herself from Petitioner's case.[13]

---

[5] State Rec. Vol. I of II, Bill of Indictment, Mar. 17, 2010.

[6] *See generally* State Rec. Vol. I of II.

[7] State Rec. Vol. I of II, Motion to Recuse District Attorney, Feb. 14, 2013.

[8] State Rec. Vol. I of II, Order Granting Motion to Recuse District Attorney, Feb. 14, 2013.

[9] State Rec. Vol. I of II, Falcon's Motion to Recuse Judge, Feb. 15, 2013.

[10] State Rec. Vol. I of II, Order Denying Falcon's Motion to Recuse, Feb. 19, 2013.

[11] State Rec. Vol. I of II, State's Motion to Recuse Judge, Feb. 19, 2013.

[12] *Id.*

[13] State Rec. Vol. I of II, Order Granting State's Motion to Recuse Judge, Feb. 20, 2013.

Following Judge Morel's recusal, Petitioner's case was ultimately re-allotted to Division "C" of the 29th Judicial District Court, the Honorable Emile R. St. Pierre presiding.[14] On June 13, 2013, Petitioner pleaded guilty to forcible rape in the 29th Judicial District Court, St. Charles Parish.[15] The same day, the state trial court sentenced Petitioner to fifteen years imprisonment, which was the sentence the parties had agreed to in the plea agreement.[16]

Petitioner subsequently appealed his conviction and sentence, but on appeal Petitioner's counsel filed a brief pursuant to *Anders v. California*, asserting that he had thoroughly reviewed the record and found no non-frivolous issues to raise on appeal.[17] On March 26, 2014, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and remanded the case to the trial court for the correction of a patent error regarding Petitioner's sentence.[18] Specifically, the Louisiana Fifth Circuit found that the trial court had failed to impose any statutory restrictions on Petitioner's sentence in accordance with Louisiana Revised Statute § 14:42.1, which provides that "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."[19] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On March 5, 2015, Petitioner filed an application for post-conviction relief with the state trial court.[20] In the post-conviction relief application, Petitioner argued that his Fourteenth

---

[14] *See generally* State Rec. Vol. I of II.

[15] State Rec. Vol. I of II, Transcript, Jun. 13, 2013.

[16] *Id.*

[17] *State v. Gros*, 13-KA-763 (La. App. 5 Cir. 3/26/14); 138 So.3d 763, 766.

[18] *Id.*

[19] *Id.* at 768.

[20] State Rec. Vol. II of II, Post-Conviction Application (Mar. 5, 2015).

Amendment right to due process was violated when the state trial court allowed a third party to request that the judge recuse herself, which Petitioner argued caused him to lose a previously agreed upon plea bargain.[21] The trial court denied the post-conviction relief application on April 17, 2015.[22] On May 27, 2015, the Louisiana Fifth Circuit denied Petitioner's related writ application, finding that "[i]t is well settled under both state and federal jurisprudence that an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto."[23] On May 20, 2016, the Louisiana Supreme Court denied Petitioner's related writ application.[24]

On June 1, 2016, Petitioner filed the instant federal habeas corpus petition, arguing that he received ineffective assistance of counsel when his trial counsel advised him to enter a guilty plea because his attorney promised him that he would receive a sentence of eight years imprisonment.[25] The State filed an opposition, arguing that the petition is untimely and that Petitioner failed to exhaust his state court remedies.[26]

## B.     *Report and Recommendation Findings*

On November 4, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed without prejudice for failure to exhaust state court remedies.[27] The Magistrate Judge rejected the State's argument that Petitioner's federal application

---

[21] *Id.*

[22] State Rec. Vol. II of II, Order (Apr. 17, 2015).

[23] *State v. Gros*, 15-KH-309 (La. App. 5 Cir. 5/27/15) (citing *State v. Johnson*, 08-449 (La. App. 5 Cir. 12/16/08)); State Rec. Vol. II of II.

[24] *State ex rel. Gros v. State*, 15-KH-1138 (La. 5/20/16); 191 So.3d 576.

[25] Rec. Doc. 4.

[26] Rec. Doc. 10.

[27] Rec. Doc. 12.

is untimely.[28] Specifically, the Magistrate Judge found that Petitioner's conviction became final on April 25, 2014, when the deadline to seek review before the Louisiana Supreme Court expired, and so Petitioner would have until April 25, 2015, to file a federal habeas petition unless that deadline was extended through tolling.[29] The Magistrate Judge noted that Petitioner filed a post-conviction application with the state trial court on March 4, 2015, and so Petitioner was entitled to statutory tolling from March 4, 2015, until May 20, 2016, the date on which the Louisiana Supreme Court denied relief.[30] Therefore, the Magistrate Judge concluded that Petitioner had until July 12, 2016, to file his federal petition, making the June 1, 2016 petition timely.[31]

Next, the Magistrate Judge addressed the State's argument that Petitioner failed to exhaust his remedies in state court.[32] The Magistrate Judge reviewed the state court record, noting that Petitioner filed a direct appeal following entry of his guilty plea, but on appeal, Petitioner's counsel filed an *Anders* brief, asserting that he had thoroughly reviewed the trial record and could not find any non-frivolous issues to raise on appeal.[33] Therefore, the Magistrate Judge concluded that no claims were exhausted on direct appellate review.[34] The Magistrate Judge noted that on state post-conviction review Petitioner had only raised one claim that his right to due process was violated when a third party was allowed to file a motion to recuse the trial judge.[35] The Magistrate Judge

---

[28] *Id.* at 3.

[29] *Id.* at 4.

[30] *Id.*

[31] *Id.* at 5.

[32] *Id.*

[33] *Id.* at 6.

[34] *Id.*

[35] *Id.*

5

found that Petitioner's federal claim, while based on the same underlying event regarding the recusal of the trial judge, was founded on a new legal theory that Petitioner's Sixth Amendment right to effective assistance of counsel was violated.[36] Because Petitioner failed to present his ineffective assistance of counsel claim to the state courts, the Magistrate Judge determined that the petition is unexhausted.[37]

To the extent that Petitioner raises a claim that the trial court violated his due process rights, the Magistrate Judge found that this claim is unavailing.[38] Specifically, the Magistrate Judge noted that the Louisiana Fifth Circuit denied relief on this claim because Petitioner had pleaded guilty to the instant offense and "an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof by appeal."[39] Therefore, because a plea of guilty waives all non-jurisdictional defects preceding entry of the plea, the Magistrate Judge determined that, even if the petition is broadly construed to include the exhausted claim, federal habeas relief would not be warranted.[40] Accordingly, the Magistrate Judge recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.[41]

---

[36] *Id.* at 6–7.

[37] *Id.* at 7.

[38] *Id.* at 7–9.

[39] *Id.* at 8 (citing *State v. Gros*, 15-KH-309 (La. App. 5 Cir. 5/27/15); State Rec. Vol. II of II).

[40] *Id.* at 9 (citing *United State v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993)).

[41] *Id.* at 10.

## II. Objections

*A.     Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[42] Petitioner argues that his guilty plea "is constitutionally defective because it was not made with full knowledge and understanding."[43] Petitioner asserts that he was told he would receive a sentence of not more than eight years imprisonment if he pled guilty to the forcible rape charge, and his decision to plead guilty was based entirely upon assurances that he would receive such a sentence.[44] Additionally, Petitioner argues that his due process rights were violated when a third party, Errol Falcon, filed a motion to have the state trial judge recused, which Petitioner argues ultimately sabotaged his original plea deal.[45] Petitioner also contends that the District Attorney, Harry Morel, was biased against Petitioner due to Petitioner rejecting the deal that Morel originally offered.[46] According to Petitioner, Errol Falcon had a vested interest in sabotaging Petitioner's plea deal because Falcon was attempting to negotiate a reduced sentence in exchange for testifying against Petitioner.[47] Therefore, Petitioner asserts that an evidentiary hearing is necessary to resolve the issue of whether his due process rights were violated.[48]

---

[42] Rec. Doc. 13.

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 6–8.

[47] *Id.* at 9.

[48] *Id.* at 10.

## B.     *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections, despite receiving electronic notice of the filing.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[49] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[50] A district court's review is limited to plain error for parts of the report which are not properly objected to.[51]

## IV. Law and Analysis

Petitioner objects to the Magistrate Judge's Report and Recommendation, arguing that he is entitled to relief on his due process claim.[52] However, Petitioner does not object to the Magistrate Judge's determination that his ineffective assistance of counsel claim was not exhausted before the state courts.[53] "A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[54] The Fifth Circuit has

---

[49] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[50] Fed. R. Civ. P. 72(b)(3).

[51] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[52] Rec. Doc. 13.

[53] *Id.*

[54] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

Case 2:16-cv-08727-NJB Document 14 Filed 07/28/17 Page 9 of 11

recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of cooperation and of rapport between the parallel systems of state and federal courts."[55] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—i.e., the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[56] Here, Petitioner's ineffective assistance of counsel claim is not exhausted because he did not raise it in the state courts.

A federal habeas corpus petition should typically be dismissed without prejudice if the petitioner has failed to exhaust all available state remedies.[57] However, dismissal without prejudice of a "mixed petition," which raises both exhausted and unexhausted claims, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[58] Because of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[59] The United States Supreme Court has noted that a "stay and abeyance should be available only in limited circumstances."[60] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds: "(1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional

---

[55] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[56] *Id.*

[57] *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[58] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that 28 U.S.C. § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings).

[59] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[60] *Id.*

9

delay."[61] In cases where the district court finds that a stay is not warranted, the United States Supreme Court has suggested that district courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief."[62]

As noted above, Petitioner has failed to exhaust his state court remedies on his ineffective assistance of counsel claim. Petitioner also claims that the recusal of the original trial court judge violated his due process rights.[63] This claim was raised before the state courts and is exhausted. Therefore, the petition is a mixed petition raising both exhausted and unexhausted claims. Accordingly, the Court must either: (1) stay the case to allow Petitioner to return to the state courts to fully exhaust his claims;[64] (2) allow Petitioner "to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief;"[65] or (3) dismiss the entire petition without prejudice for failure to exhaust.[66]

Petitioner has provided no explanation for his failure to exhaust his ineffective assistance of counsel claim, and so the Court finds that a stay is not warranted because Petitioner has failed

---

[61] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

[62] *Rhines*, 544 U.S. at 278.

[63] In the original petition, it is unclear whether Petitioner was raising a due process claim. *See* Rec. Doc. 4. However, in his objections to the Report and Recommendation Petitioner argues that he is entitled to relief on his due process claim. Rec. Doc. 13 at 4, 10. Therefore, it appears that Petitioner is raising both an ineffective assistance of counsel claim and a due process claim.

[64] *Rhines*, 544 U.S. at 278.

[65] *Id.*

[66] *Pliler*, 542 U.S. at 230.

to demonstrate good cause to excuse his failure to exhaust.[67] Moreover, as noted by the Magistrate Judge, habeas relief on Petitioner's exhausted claim would not be warranted because Petitioner entered an unconditional guilty plea thereby waiving his exhausted due process claim.[68] Therefore, allowing Petitioner to delete the unexhausted claim and procced on the exhausted claim is not warranted here because dismissal of the entire petition would not unreasonably impair Petitioner's right to obtain habeas relief.[69] Accordingly, the Court finds that the entire mixed petition must be dismissed without prejudice for Petitioner's failure to exhaust his remedies in the state courts.

### V. Conclusion

For the reasons stated above, the Court concludes that the petition must be dismissed without prejudice for Petitioner's failure to exhaust state court remedies. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Eric Gros's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** because he failed to exhaust his remedies in the state courts.

**NEW ORLEANS, LOUISIANA,** this 28th day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[67] *See Shillereff*, 304 F. App'x at 314.

[68] *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.").

[69] *See Rhines*, 544 U.S. at 278.