# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ERIC GROS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-8727 |
| JASON KENT, WARDEN | SECTION "G"(1) |

## ORDER

Before the Court is Petitioner Eric Gros's ("Petitioner") "Petition for Rehearing,"[1] wherein he requests relief from the Court's July 28, 2017 Order and Judgment, dismissing his petition for federal habeas corpus relief without prejudice for failure to exhaust state court remedies.[2] Having considered the motion, the record, and the applicable law, for the reasons that follow, the Court will deny the motion.

## I. Background

On March 17, 2010, Petitioner was indicted by a grand jury in the 29th Judicial District Court, St. Charles Parish on two counts of aggravated rape, one count of aggravated kidnapping, and one count of possession of a firearm by a convicted felon.[3] On June 13, 2013, Petitioner pleaded guilty to forcible rape in the 29th Judicial District Court, St. Charles Parish.[4] The same day, the state trial court sentenced Petitioner to fifteen years imprisonment, which was the sentence the parties had agreed to in the plea agreement.[5]

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 15.

[3] State Rec. Vol. I of II, Bill of Indictment, Mar. 17, 2010.

[4] State Rec. Vol. I of II, Transcript, Jun. 13, 2013.

[5] *Id.*

1

Petitioner subsequently appealed his conviction and sentence, but on appeal Petitioner's counsel filed a brief pursuant to *Anders v. California*, asserting that he had thoroughly reviewed the record and found no non-frivolous issues to raise on appeal.[6] On March 26, 2014, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and remanded the case to the trial court for the correction of a patent error regarding Petitioner's sentence.[7] Specifically, the Louisiana Fifth Circuit found that the trial court had failed to impose any statutory restrictions on Petitioner's sentence in accordance with Louisiana Revised Statute § 14:42.1, which provides that "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."[8] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On March 5, 2015, Petitioner filed an application for post-conviction relief with the state trial court.[9] In the post-conviction relief application, Petitioner argued that his Fourteenth Amendment right to due process was violated when the state trial court allowed a third party to request that the judge recuse herself, which Petitioner argued caused him to lose a previously agreed upon plea bargain.[10] The trial court denied the post-conviction relief application on April 17, 2015.[11] On May 27, 2015, the Louisiana Fifth Circuit denied Petitioner's related writ application, finding that "[i]t is well settled under both state and federal jurisprudence that an

---

[6] *State v. Gros*, 13-KA-763 (La. App. 5 Cir. 3/26/14); 138 So.3d 763, 766.

[7] *Id.*

[8] *Id.* at 768.

[9] State Rec. Vol. II of II, Post-Conviction Application (Mar. 5, 2015).

[10] *Id.*

[11] State Rec. Vol. II of II, Order (Apr. 17, 2015).

2

unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto."[12] On May 20, 2016, the Louisiana Supreme Court denied Petitioner's related writ application.[13]

On June 1, 2016, Petitioner filed a petition for writ of habeas corpus in this Court, arguing that he received ineffective assistance of counsel when his trial counsel advised him to enter a guilty plea because his attorney promised him that he would receive a sentence of eight years imprisonment.[14] The State filed an opposition, arguing, *inter alia,* that Petitioner failed to exhaust his state court remedies.[15]

On November 4, 2016, the Magistrate Judge assigned to the case issued a Report and Recommendation, recommending that the Court dismiss the petition without prejudice for failure to exhaust state court remedies.[16] On November 18, 2016, Petitioner filed an objection to the Report and Recommendation, titled "Memorandum in Support of Amended 2254 Petition and Objection to Report and Recommendation of Magistrate."[17] On July 28, 2017, this Court overruled Petitioner's objection, adopted the Report and Recommendation, and dismissed the petition without prejudice.[18]

---

[12] *State v. Gros*, 15-KH-309 (La. App. 5 Cir. 5/27/15) (citing *State v. Johnson*, 08-449 (La. App. 5 Cir. 12/16/08)); State Rec. Vol. II of II.

[13] *State ex rel. Gros v. State*, 15-KH-1138 (La. 5/20/16); 191 So.3d 576.

[14] Rec. Doc. 4.

[15] Rec. Doc. 10.

[16] Rec. Doc. 12.

[17] Rec. Doc. 13.

[18] Rec. Docs. 14, 15.

On August 7, 2017, Petitioner filed the instant motion for reconsideration.[19] The State did not file a response to Petitioner's motion.

## II. Parties' Arguments

*A.    Petitioner's Arguments in Support of Motion for Reconsideration*

Petitioner argues that the Court erred in dismissing the petition without prejudice for failure to exhaust state court remedies.[20] Petitioner asserts that his objection to the Report and Recommendation was also an amendment to the petition, in which he withdrew his unexhausted ineffective assistance of counsel claim.[21] Therefore, because he no longer wishes to pursue the unexhausted ineffective assistance of counsel claim, he contends that the Court should reconsider his amended petition and consider only the exhausted due process claim.[22]

*B.    State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's motion, despite receiving electronic notice of the filing.

## III. Legal Standard

The Fifth Circuit has noted that while the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the time of the filing.[23] If such a motion is filed within 28 days after entry of the judgment from which relief is

---

[19] Rec. Doc. 17.

[20] *Id.* at 1.

[21] *Id.*

[22] *Id.*

[23] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

4

being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[24] Here, Petitioner's motion was brought within 28 days after entry of the August 15, 2017 Judgment.[25] Accordingly, the Court considers the motion under Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment."[26] District courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)."[27] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[28] This Court generally consider four factors in deciding motions for reconsideration under the Rule 59(e) standard:

（1） the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
（2） the movant presents newly discovered or previously unavailable evidence;
（3） the motion is necessary in order to prevent manifest injustice; or
（4） the motion is justified by an intervening change in controlling law.[29]

A motion for reconsideration "'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[30] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[31]

---

[24] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). *See also* Fed. R. Civ. P. 59(e).

[25] *See* Rec. Docs. 19, 21.

[26] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[27] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[28] *Id.* at 355–56.

[29] *Richardson v. Tubb*, 2017 WL 4102218, at *2 (E.D. La. Sept. 15, 2017) (Brown, J.) (internal citations omitted)).

[30] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

[31] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Rule 59(e) has been used to reopen a judgment in a habeas corpus proceeding.[32] However, in the habeas context a court must evaluate the motion carefully to determine whether it actually is a successive habeas corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than a Rule 59(e) motion. As explained by the Supreme Court in *Gonzalez v. Crosby*, the difference lies in the relief the petitioner is seeking.[33] Relief from the federal habeas judgment should be based on arguments relating to the conduct of the federal action, whereas relief premised on arguments relating to flaws in the underlying state-law conviction falls under 28 U.S.C. § 2244.[34]

## IV. Analysis

In the instant motion, Petitioner has not presented any newly discovered or previously unavailable evidence. Petitioner appears to argue that a manifest error of law or fact warrants reconsideration because the Court dismissed the petition without prejudice for failure to exhaust state court remedies rather than allowing petitioner to amend his petition and proceed only on his exhausted due process claim.

As the Court stated in its prior Order, exhaustion of all claims is a fundamental prerequisite for federal habeas relief.[35] The Supreme Court has held that a federal habeas corpus petition should typically be dismissed without prejudice if the petitioner has failed to exhaust all available state

---

[32] *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).

[33] 545 U.S. 524, 532 (2005).

[34] *Id*. (holding that a Rule 60(b) motion for relief from judgment challenging the district court's dismissal of a habeas petition as time-barred under § 2244(d) did not qualify as a successive petition). *See also Williams*, 602 F.3d at 303 (holding that *Gonzalez* applies to a Rule 59(e) motion).

[35] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

remedies.[36] However, dismissal without prejudice of a "mixed petition," which raises both exhausted and unexhausted claims, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[37] Because of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[38] The United States Supreme Court has noted that a "stay and abeyance should be available only in limited circumstances."[39] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds: "(1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay."[40] In cases where the district court finds that a stay is not warranted, the United States Supreme Court has suggested that district courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief."[41]

In the July 28, 2017 Order, the Court determined that Petitioner was not entitled to a stay because he failed to demonstrate good cause to excuse his failure to exhaust.[42] Moreover, the Court found that habeas relief on Petitioner's exhausted claim would not be warranted because Petitioner

---

[36] *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[37] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that 28 U.S.C. § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings).

[38] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[39] *Id.*

[40] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

[41] *Rhines*, 544 U.S. at 278.

[42] *See Shillereff*, 304 F. App'x at 314.

7

entered an unconditional guilty plea thereby waiving his exhausted due process claim.[43] In the instant motion, Petitioner argues that the Court erred in dismissing his claims without prejudice rather than allowing him to amend his petition to proceed only on the exhausted due process claim. However, because Petitioner would not be entitled to relief on his exhausted claim, allowing Petitioner to proceed only on the exhausted claim would have resulted in a dismissal of that claim with prejudice. Therefore, as the Court determined in its prior Order, allowing Petitioner to delete the unexhausted claim and procced on the exhausted claim is not warranted here because Petitioner would not prevail on the exhausted claim, and therefore, dismissal of the entire petition would not unreasonably impair Petitioner's right to obtain habeas relief.[44]

As stated supra, the Court has considerable discretion when determining if arguments presented in a motion for reconsideration merit reversing the Court's prior decision.[45] Petitioner has not identified any evidence that merits reconsideration, nor presented any argument that reconsideration is necessary to prevent a manifest injustice or correct a manifest error of fact or law. Additionally, no independent reason exists to warrant reconsideration of Petitioner's claims. Therefore, Petitioner has not established entitlement to relief from the Court's July 28, 2017 Order and Judgment dismissing his claims without prejudice.

---

[43] *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.").

[44] *See Rhines*, 544 U.S. at 278.

[45] *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355.

## V. Conclusion

For the reasons stated above, the Court concludes that Petitioner has not established entitlement to relief from the Court's July 28, 2017 Order and Judgment dismissing his claims without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Petition for Rehearing"[46] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __25th__ day of January, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[46] Rec. Doc. 17.